**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1074-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TROY LONE a/k/a TROY LONE,
JR., DYMIERE DEMBY, and TERRY
LONE,

    Defendant-Appellant.

_____

Submitted November 26, 2018 – Decided December 6, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 10-12-3446.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel; William Welaj, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Troy Lone appeals from a June 16, 2017 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

We summarize the relevant procedural history and facts from the record before us. On September 28, 2010, Mr. Ruiz was employed as a taxicab driver for Five Star Cab Service in Camden. At 2:00 a.m., Ruiz drove to a gas station at the corner of Kaighns Avenue and Mt. Ephraim Avenue in Camden. Ruiz was accompanied by a friend, Mr. Caban. Ruiz pulled up to a gas pump, exited the cab, and went inside the gas station office to prepay for his purchase of gas. Meanwhile, Caban exited the cab and stood near its trunk waiting for Ruiz to return.

After Ruiz paid for gas, he came back outside and began pumping gas into the cab when a white Ford Taurus pulled up to another gas pump. A man exited the car and went into the gas station office while a woman remained in the car. The man returned from the office and began arguing with Caban. As the argument escalated, the man and Caban "got face to face," and Ruiz started to walk over to break up the argument. As Ruiz walked over, the man pulled out a gun. When Caban saw the gun, he put his hands up and began to back away. The man then put the gun against Ruiz's stomach, walked Ruiz towards the rear

of the cab, and went through his pockets. The man took Ruiz's cell phone and wallet, which contained eighty dollars cash, and then told him to remove his earrings. As Ruiz was unscrewing his earrings, Caban "took off and ran."

Ruiz then heard Caban screaming "hey, over there, over there." Caban was seeking to get the attention of a Camden police cruiser he noticed driving by the gas station. He flagged down the vehicle, driven by Officer Gregory Young, and told him someone in the white Taurus had a gun. Young looked about fifty yards away under the bright lights of the gas station, seeing a man, later identified as defendant, talking to Ruiz. After defendant noticed Young, he got in the passenger seat of the Taurus. The Taurus then drove out of the gas station with Young's cruiser in pursuit with its lights and sirens activated. Young never lost sight of the Taurus as he pursued it and called for back-up. The Taurus stopped two blocks down the street. Young drove his vehicle to the Taurus. He got out the vehicle, pulled his gun out, and pointed it at the driver's side door of the Taurus. The driver and defendant remained in the car until police assistance arrived.

After eight additional police units arrived at the scene, "felony car stop" procedures were implemented. The driver and defendant were removed from the vehicle and handcuffed. Defendant was the same man Young saw enter the

3

Taurus at the gas station. Young searched the Taurus and found two cell phones, one on the front seat and another on the back seat, as well as a jacket and black wool masks on the back seat. Eighty dollars in cash was found in a storage compartment beneath the radio. Young did not find a gun inside the car. However, the police conducted a search of the two block route from the gas station to where the Taurus pulled over, and found a gun lying in a grassy area about three feet away from a sidewalk on the north side of Kaighns Avenue.

Subsequently, the police brought Ruiz to where the Taurus was stopped and defendant was being held under arrest. The police removed defendant from the police car and asked Ruiz if he was the person who robbed him. Ruiz answered affirmatively.

On December 20, 2010, a Camden County grand jury indicted defendant on two charges of first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) (counts one and two); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count four); two charges of fourth-degree aggravated assault with a firearm, N.J.S.A. 2C:12-1(b)(4) (counts five and six); and second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b)

4

(count seven). Prior to trial, on April 30, 2012, the trial judge dismissed counts two and five (relating to Caban) upon the State's motion.

A jury trial was held between May 2 and 4, 2012 before Judge Gwendolyn Blue. At trial, the State presented seven witnesses, including Officer Johnson and Ruiz. During his testimony, Officer Johnson identified defendant as the male passenger in the Taurus. During his testimony, Ruiz acknowledged he was subpoenaed to testify and was conveyed to court by the prosecutor's investigative officers. Ruiz did not provide an in-court identification of defendant as the person who robbed him, testifying: "To be honest, it's been almost two years, so I can't even say yes." Instead, the State relied upon the identification Ruiz made of defendant at the scene when defendant was arrested. Defendant did not testify or present any witnesses.

In his summation, defense counsel argued that the State had failed to prove that the firearm recovered belonged to defendant and that defendant had taken money from Ruiz. He also attacked Ruiz's credibility, arguing that the only truthful testimony he provided was that he could not identify defendant in court as the person involved in the robbery.

The jury returned a verdict finding defendant guilty of counts one, three, four, and six. Count seven was dismissed by the State following the verdict. On

A-1074-17T3

July 20, 2012, the trial court granted the State's motion to impose a discretionary extended term sentence, pursuant to N.J.S.A. 2C:44-3(a), and imposed an aggregate term of thirty years' imprisonment subject to eighty-five percent parole ineligibility under the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2(c).

On September 8, 2014, this court affirmed defendant's convictions and sentence. State v. Lone, A-1074-17T3 (App. Div. Sep. 8, 2014). On March 18, 2015, the New Jersey Supreme Court denied defendant's petition for certification. State v. Lone, 221 N.J. 219 (2015).

On June 9, 2015, defendant filed a pro se PCR petition. Defendant thereafter filed an amended PCR petition, supplemented with PCR counsel's brief and a certification by defendant. After considering the amended petition without an evidentiary hearing, Judge Blue rendered an oral decision denying the petition on June 16, 2017. On appeal of the denial of PCR, defendant raises the following points for our review:

> POINT I: THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO UTILIZE TWO WITNESSES AT TRIAL WHO COULD HAVE PRESENTED RELEVANT AND POTENTIALLY EXCULPATORY TESTIMONY ON THE DEFENDANT'S BEHALF.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO FILE VARIOUS MOTIONS ON THE DEFENDANT'S BEHALF.

1. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO PURSUE A MOTION TO EXCLUDE THE ELICITATION OF PREJUDICIAL AND DAMAGING TESTIMONY BY THE STATE PURSUANT TO N.J.R.E. 404 (b).

2. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO MAKE A MOTION SEEKING TO PRECLUDE THE SHOW-UP IDENTIFICATION PROCEDURE UTILIZED BY LAW ENFORCEMENT AT THE SCENE.

3. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM

7

TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO MAKE A MOTION TO DISMISS CHARGES BASED UPON LAW ENFORCEMENT'S FAILURE TO PRESERVE CRITICAL EVIDENCE WHICH WAS POTENTIALLY EXCULPATORY TO THE DEFENSE.

D.   TRIAL COUNSEL DID NOT ADEQUATELY REPRESENT THE DEFENDANT ARISING OUT OF HIS FAILURE TO THOROUGHLY DISCUSS WITH HIS CLIENT ALL RELEVANT RAMIFICATIONS ASSOCIATED WITH THE DECISION WHETHER OR NOT TO TESTIFY, AS A RESULT OF WHICH HE DID NOT TESTIFY IN HIS OWN DEFENSE.

E.   THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO CONDUCT AN EFFECTIVE CROSS EXAMINATION OF THE ALLEGED VICTIM.

F.   THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO CONVEY TO THE DEFENDANT RELEVANT PLEA OFFERS PRIOR TO TRIAL.

Having considered the record in light of the applicable legal principles, we find no merit in defendant's arguments. We affirm for substantially the sound reasons expressed in Judge Blue's oral opinion. We add only the following comments.

In cases where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's legal and factual determinations de novo. State v.

8

Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted). A PCR petitioner faces the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted). To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting two-part Strickland test in New Jersey).

We first turn to defendant's argument that trial counsel was ineffective for failing to call two witnesses who may have presented exculpatory evidence. First, he contends that trial counsel should have called the driver of the Taurus, citing to an investigation report dated March 12, 2011 from an investigator for trial counsel. According to the report, the driver told the investigator that she observed an argument and physical altercation between defendant and two Hispanic males from her car at the gas station, but defendant did not have extra items when he returned to the car and never had a firearm. Second, defendant contends that trial counsel should have called a man who was allegedly present at the gas station at the time of the robbery. In a handwritten signed statement, the man states that he was present at the gas station during the time of the alleged

incident and "did not see [defendant] commit any type of robbery." Additionally, in support of his PCR petition, defendant certified that he expected trial counsel to call the driver of the Taurus, that the driver was present every day at trial, and that he believed trial counsel would admit the cell phones as evidence at trial to prove they belonged to defendant and the driver.

We agree with the PCR court that trial counsel was not ineffective for failing to call these witnesses. In evaluating the first Strickland prong, a court presumes counsel exercised reasonable judgment in trial strategy. See Strickland, 466 U.S. at 689. "[L]ike other aspects of trial representation, a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' . . . and a court's review of such a decision should be 'highly deferential[.]'" State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, 466 U.S. at 683, 689). Additionally, a PCR petitioner asserting that his trial attorney inadequately investigated a potential witness "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. 343, 353 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).

A-1074-17T3

In this case, defendant does not submit sworn affidavits from either of the potential witnesses to support that they would have testified favorably to defendant. Compare Porter, 216 N.J. at 350, 56-57 (holding that PCR petitioner was entitled to evidentiary hearing where he submitted an affidavit from a potential albi witness stating that she was with defendant at the time of the crime and had informed trial counsel that she wished to testify), with Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999) (holding that PCR petitioner was not entitled to evidentiary hearing where he failed to submit affidavit from potential alibi witness). Additionally, although the driver was present during the trial,[1] defendant presents no evidence that the man who was at the gas station was available and willing to testify at trial. See Arthur, 184 N.J. at 326 ("[T]here is no evidence that [potential witness] was even available to testify at the time of defendant's trial and thus no foundation for concluding that the failure to call her constituted ineffective assistance of counsel.").

Moreover, as noted by the PCR court, the driver's credibility may have been suspect because she was with defendant at the time of the robbery, drove away from the scene with the defendant, and was arrested on an outstanding

---

[1] During the trial, the court noted on the record that the driver was present outside the courtroom, but was sequestered as a potential witness.

warrant once the police pulled over her vehicle. Considering the risks in having the driver testify, as well as the lack of support in the record that the proposed witnesses would have testified consistently with their previous statements, defendant fails to present adequate evidence to support a prima facie claim that trial counsel was ineffective or that he suffered any prejudice as a result of the failure to call these witnesses. See id. at 322 (upholding denial of PCR where "there was reasonable basis for defense counsel's strategic decision not to call [potential witness] as a defense witness because his testimony was more likely to harm than to help defendant's case").

We next turn to defendant's arguments that his attorney was ineffective by failing to file a motion in limine to preclude any testimony about the two black wool masks recovered from the Taurus, failing to request a Wade[2] hearing to exclude Ruiz's out-of-court identification of defendant, and failing to file a motion to dismiss the indictment because the State failed to preserve the cellphones recovered by the police. To sustain a claim that trial counsel was ineffective by failing to file a motion, a defendant must demonstrate that the motion would have been meritorious. See State v. O'Neal, 190 N.J. 601, 619 (2007) ("It is not ineffective assistance of counsel for defense counsel not to file

---

[2] United States v. Wade, 388 U.S. 218 (1967).

a meritless motion."). We agree with the sound analysis of the PCR court that none of the motions proposed by defendant would have been meritorious.[3] Therefore, trial counsel was not ineffective for failing to file these motions.

Finally, we briefly address defendant's remaining arguments. We reject defendant's argument that trial counsel failed to adequately discuss his right to testify. After the trial court gave defendant an opportunity to confer with trial counsel off the record, defendant waived his right to testify on the record. Additionally, the trial court also conducted an extensive voir dire of defendant regarding his right to testify. See State v. Ball, 381 N.J. Super. 545, 557 (App. Div. 2005) (holding that defendant's case not prejudiced because "regardless of whether defendant was advised by counsel, the trial judge fully explained defendant's right to testify, the possible consequences of his choice and the option to have the jury instructed to draw no inference from defendant's choice not to testify").

We also reject defendant's argument that his trial counsel conducted an ineffective cross-examination of Ruiz, specifically by failing to impeach the

---

[3] We note that the PCR court initially addressed whether a motion to suppress the masks as unlawfully seized should have been filed, but supplemented the record to include a ruling on whether testimony regarding that masks should have been excluded as unduly prejudicial under N.J.R.E. 403 and N.J.R.E. 404(b).

A-1074-17T3

credibility of Ruiz with prior convictions. We agree with the PCR court that trial counsel's cross-examination of Ruiz constituted sound trial strategy, as trial counsel may not have impeached Ruiz with the prior convictions so that Ruiz was credible when he stated that he could not identify the defendant in court. Moreover, trial counsel did cross-examine Ruiz about inconsistencies in his testimony about the amount of money that was taken from him and whether he had seen the handgun that police had recovered.

We also reject defendant's arguments that trial counsel failed to inform him of plea offers given by the State and gave him constitutionally ineffective advice about whether to accept a plea offer. When raising an ineffective-assistance-of-counsel claim based on an attorney's failure to recommend accepting a plea offer, a defendant must show that but for the ineffective advice of counsel, he would have accepted the plea offer and received a lesser sentence than he received after trial. See Lafler v. Cooper, 566 U.S. 156, 163-64 (2012). We agree with the PCR court that the record does not support that trial counsel failed to convey any plea offers or that defendant suffered any prejudice as a result of trial counsel's advice regarding plea offers.

The PCR judge did not misapply her discretion in denying an evidentiary hearing, as defendant failed to establish a prima facie basis for relief. See State

14

v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted."). To the extent that we have not specifically addressed any issues raised by defendant, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1074-17T3